IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ARTHUR L. WHITFIELD, III,            )
    Petitioner,                              )
                                                  )
    v.                                          )     2:12-cv-911
                                                  )
WARDEN D. SAUERS, et al.,          )
    Respondents.                         )

REPORT and RECOMMENDATION

I. Recommendation:

It is respectfully recommended that the petition of Arthur L. Whitfield, III for a writ of habeas corpus be dismissed, and because reasonable jurists could not conclude that a basis for appeal exists, that a certificate of appealability be denied.

II. Report:

Arthur L. Whitfield, III, an inmate at the State Correctional Institution – Forest, has presented a petition for a writ of habeas corpus which he has been granted leave to prosecute in forma pauperis. Whitefield was convicted the Court of Common Pleas of Indiana County on November 7, 2006 of violating the Pennsylvania Controlled Substances Act and sentenced on February 8, 2007 to a three to six year period of incarceration. No appeal was taken but Whitefield did seek post-conviction relief and on November 24, 2009 the Superior Court reinstated his right to appeal nunc pro tunc. Accordingly, an appeal was filed and on February 7, 2011 the Superior Court affirmed the judgment of sentence and on August 10, 2011 the Supreme Court denied leave to appeal. Rather than file a post-conviction petition on June 27, 2012 Whitfield filed in the instant petition essentially claiming ineffective assistance of counsel.

    Under Pennsylvania law, a claim of ineffective assistance of counsel must be raised in a post-conviction petition, Com. v. Haun, 984 A.2d 557 (Pa.Super. 2009) affirmed 32 A.3d 697 (2011). The latter petition must be filed within one year of the judgment becoming final. 42 Pa.C.S.A. §9545(b). Since the denial of leave to appeal occurred on August 10, 2011 and no

1

petition for certiorari was filed, Whitfield's conviction became final on November 8, 2011 when the time in which to seek certiorari expired.

It is provided in 28 U.S.C. §2254(b) that:

An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

This statute represents a codification of the well-established concept which requires that before a federal court will review any allegations raised by a state prisoner, those allegations must first be presented to that state's highest court for consideration. Preiser v. Rodriguez, 411 U.S. 475 (1973); Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973); Doctor v. Walters, 96 F.3d 675 (3d Cir. 1996).

It is only when a petitioner has demonstrated that the available corrective process would be ineffective or futile that the exhaustion requirement will not be imposed. Preiser v. Rodriguez, supra.; Walker v. Vaughn, 53 F.3d 609 (3d Cir. 1995). No such showing is made here.

Because the issues which the petitioner seeks to raise here have not been presented to the state courts for their consideration in the first instance and those avenues for review remain open to him, his petition here is premature.

Accordingly, it is recommended that the petition of Arthur L. Whitfield, III be dismissed without prejudice subject to being renewed if and when he completes exhaustion of the available state court remedies, and because reasonable jurists could not conclude that a basis for appeal exists, that a certificate of appealability be denied.

Litigants who seek to challenge this Report and Recommendation must seek review by the district judge by filing objections within fourteen (14) days of this date. Failure to do so will waive the right to appeal.

Filed: July 17, 2012                            Respectfully submitted,
                                                s/ Robert C. Mitchell
                                                United States Magistrate Judge