IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ARTHUR L. WHITFIELD, III, )<br>Petitioner, )<br> )<br>vs. )<br> )<br>WARDEN D. SAUERS, et al., )<br>Respondents. ) | Civil Action No. 12-911 |

ORDER

On August 7, 2012, this Court entered an order (ECF No. 7), adopting a Report and Recommendation ("R&R") that had been filed by Magistrate Judge Mitchell on July 17, 2012 (ECF No. 6) and dismissing the petition for writ of habeas corpus filed by Petitioner, Arthur L. Whitfield, III. On August 20, 2012, Petitioner filed a motion for reconsideration (ECF No. 9), in which he argued that the Court had failed to consider his objections to the R&R, which he contended he had filed on July 24, 2012. However, his objections were not received by the Court and were not attached as an exhibit to his motion for reconsideration. Finally, on August 29, 2012, Petitioner submitted his objections (ECF No. 10).

The R&R explained that Petitioner was sentenced on February 8, 2007 and that no appeal was pursued. Ultimately he sought post-conviction relief and on June 10, 2008, the trial court denied his petition. However, on appeal, on November 24, 2009, the Superior Court vacated the trial court's order and reinstated his right to appeal *nunc pro tunc,* noting that as part of his petition he was alleging that counsel was ineffective for failing to pursue an appeal. He then effectuated his appeal.

In ruling on his direct appeal on February 7, 2011, the Superior Court noted:

Appellant did not initially file a direct appeal. However, after a timely Post Conviction Relief Act petition, pursuant to 42 Pa. C.S. §§ 9541-9546, his appeal rights were reinstated *nunc pro tunc*... Accordingly, the instant February 18, 2010 notice of appeal was timely filed.

From this recitation, it is apparent that the Superior Court regarded the post-conviction petition as one seeking leave to appeal *nunc pro tunc*, that relief was granted and on February 7, 2011 his appeal was denied on the merits. On August 10, 2011 leave to appeal was denied by the Pennsylvania Supreme Court. Thus his conviction became final on November 8, 2011 when the time in which to seek certiorari expired.

The R&R further noted that, under Pennsylvania law, a post-conviction petition must be filed within one year of the time in which a conviction becomes final. 42 Pa. C.S. § 9545(b)(1). Since it is clear from the treatment of his initial post-conviction petition by the Superior Court as one seeking leave to appeal *nunc pro tunc*, a post-conviction petition filed at this time would be both timely and regarded as a first petition. Thus, the R&R concluded that there were unexhausted state court remedies available to Petitioner and recommended dismissing the petition so that he could exhaust these remedies. It is noted that, under federal law, Petitioner has one year from the date his conviction becomes final to file a petition for writ of habeas corpus, but the time during which a timely post-conviction petition is being considered in state court, including the appeal, is not counted as part of that one-year statute of limitations. 28 U.S.C. § 2244(d)(1)(A), (d)(2).

In his objections, Petitioner acknowledges that his two ineffective assistance of counsel claims are unexhausted, but indicates that he:

> has exercised extreme, due diligence in his attempts to exhaust all of his claims in state court only to be impeded by extreme "governmental interference" and the

> "MALICIOUS" acts and attempts of Judge Martin, acting in collusion with the Commonwealth prosecutor and trial counsel Mr. McKee, to conceal exculpatory and impeachment evidence pertaining to the Commonwealth's witness and informant, Mr. Naugle, which denied Petitioner of his basic fundamental Fourteenth Amendment Rights to Due Process and Equal Protection of the Law.

(ECF No. 10 at 3.)

It would appear that Petitioner is suggesting that exhaustion should be excused because of the actions of the trial court judge, prosecutor and his trial counsel. However, there is no authority for this proposed course of action. Rather, Petitioner would be well-advised to file a post-conviction petition raising his ineffective assistance of counsel claims in the first instance. If relief is denied by the post-conviction court and the decision is affirmed by the Pennsylvania Superior Court, then he could return to this Court and present these claims for relief, along with his other claims.

Petitioner also states that, "if the Honorable District Court Judge precludes Petitioner from proceeding with his two ineffective assistance claims that he allow Petitioner to withdraw them and proceed with his 'Brady' claim and 'Sufficiency of the Evidence' claim for they have been taken to the highest state court and are deemed exhausted." (ECF No. 10 at 12.) However, the Court cannot take this action without an affirmative statement from Petitioner that he wishes to proceed in this manner. More importantly, Petitioner should understand that, by doing so, he would give up the right to bring another petition at a later time to raise the ineffective assistance of counsel claims (even if he has exhausted them in state court), as it would be considered a second or successive petition. 28 U.S.C. § 2244(b)(3)(A).

AND NOW, this 4 day of September, 2012, IT IS ORDERED that motion for reconsideration filed by Petitioner Arthur L. Whitfield, III (ECF No. 9) is granted in part, as follows: the Court vacates the order dated August 7, 2012 (ECF No. 7) and considers Petitioner's objections to the Report and Recommendation; to the extent these objections seek to excuse the requirement that Petitioner exhaust his state court remedies, they are overruled; to the extent the objections seek to withdraw the two ineffective assistance of counsel claims, Petitioner is allowed until September 18, 2012 to notify the Court that he wishes to withdraw the claims and proceed with his two other claims, fully aware that he will not be able to return to this Court at a later date with another petition raising any other grounds including ineffective assistance of counsel. Failure to notify the Court will result in the Court's reinstatement of the order dismissing the petition as a mixed petition containing unexhausted claims.

_____
Gary L. Lancaster
Chief United States District Judge

cc:   Arthur L. Whitfield, III
      GY-5348
      SCI Forest
      PO Box 945
      Marienville, PA 16239