IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ARTHUR L. WHITFIELD, III, GY-5348, )
    Petitioner, )
     )
    v. ) 2:12-cv-911
WARDEN D. SAUERS, et al., )
    Responents. )

REPORT and RECOMMENDATION

I. Recommendation:

It is respectfully recommended that the petition of Arthur L. Whitfield, III for a writ of habeas corpus (ECF No. 2) be dismissed and because reasonable jurists could not conclude that a basis for appeal exists, that a certificate of appealability be denied. Additionally, it is recommended that his motion for appointment of counsel (ECF No.16) be dismissed as moot.

II. Report:

Arthur L. Whitfield, III, an inmate at the State Correctional Institution – Forest, has presented a petition for a writ of habeas corpus which he has been granted leave to prosecute in forma pauperis. Whitefield was convicted in the Court of Common Pleas of Indiana County on November 7, 2006 of violating the Pennsylvania Controlled Substances Act and sentenced on February 8, 2007 to a three to six year period of incarceration. No appeal was taken but Whitefield did seek post-conviction relief and on November 24, 2009 the Superior Court reinstated his right to appeal nunc pro tunc. Accordingly, an appeal was filed and on February 7, 2011 the Superior Court affirmed the judgment of sentence in which it set forth that the issues raised were:

1. The Commonwealth committed a **Brady** violation in that the Commonwealth failed to disclose at trial that: (1) the CI was facing a three-year sentence and $3,000 in fines for driving under suspension charges; (2) it had made an agreement in which those charges resulted in a "not guilty" disposition in exchange for the CI's testimony in Appellant's trial; and (3) the Trooper's reference to the CI's "traffic tickets" and the CI's statement that he "had no pending criminal charges" were "misleading" and "gross-mischaracterization[s]" of the CI's serious legal situation… Appellant further

1

    avers that the magnitude of the CI's charges should have been disclosed to the jury…

2. The evidence was insufficient to prove the commission of PWID beyond a reasonable doubt, where there was no evidence of a hand-to-hand exchange between him and the Trooper…[1]

On August 10, 2011 the Supreme Court denied leave to appeal.[2]

    Rather than seek post-conviction relief, on June 27, 2012 Whitfield filed the instant petition raising four claims for relief:

1. Commonwealth's Assistant District Attorney, Patrick Daugherty, committed a "Brady" violation by not disclosing the fact that, in exchange for his testimony against Petitioner at trial, the Commonwealth would withdraw several pending criminal charges against Commonwealth Informant, John Naugle.

2. Commonwealth did not present sufficient evidence to prove and sustain a conviction against Petitioner for the offense of Delivery of a Controlled Substance under the Controlled Substance, Drug, Device and Cosmetic Act.

3. Petitioner was denied his Sixth Amendment right to effective assistance of counsel where trial counsel knowingly represented him under the burden of a conflict of interest which prevented him from effectively representing and protecting petitioner's interest at trial.

4. Petitioner was denied his Sixth Amendment right to effective assistance of counsel and petitioner was denied his Fourteenth Amendment right to effective of counsel on appeal.[3]

    In recognition of the fact that Pennsylvania requires that claims of ineffective assistance of counsel be raised in a post-conviction petition, Com. v. Haun, 984 A.2d 557 (Pa.Super. 2009), affirmed 32 A.3d 697 (2011), and recognizing that the petitioner had failed to raise the latter two claims in the courts of the Commonwealth, and that he still had time to file a post-conviction petition, on July 17, 2012 it was recommended that the petition be dismissed.[4] No objections were filed and the petition was dismissed on August 7, 2012.[5]

    Rather than seek post-conviction relief, Whitfield filed a motion for reconsideration on August 20, 2012 and untimely objections on August 29, 2012 acknowledging that his ineffective

---

[1] See: February 7, 2011 Memorandum of the Superior Court ECF 17-3 at pp. 3, 7-8.
[2] See: ECF 17-3.
[3] See: Petition at ¶ 12.
[4] See: ECF No. 6.
[5] See: ECF No.7.

2

assistance of counsel claims had not been exhausted.[6] In an Order entered on September 4, 2012 granting the motion for reconsideration in part and overruling his objections and directing that:

> Petitioner is allowed until September 18, 2012 to notify the Court that he wishes to withdraw the claims [of ineffective assistance of counsel] and proceed with his two other claims, fully aware that he will not be able to return to this Court at a later date with another petition raising any other grounds including ineffective assistance of counsel. Failure to notify the Court will result in the Court's reinstatement of the order dismissing the petition as a mixed petition containing unexhausted claims.[7]

Rather than heed the admonition as to the risks of withdrawing his claims of ineffective assistance of counsel, on September 18, 2012 Whitfield filed a "Motion to withdraw unexhausted Ineffective Assistance of Counsel Claims" specifically stating "This very motion shall serve as notice to withdraw Petitioner's unexhausted ineffective claims and proceed with the "Brady" claim and "Sufficiency of the Evidence" claim."[8] Thus, these issues are withdrawn and not only is the petitioner barred from again raising them here, but due to the lapse of time, he can no longer raise them in the courts of the Commonwealth.[9]

Thus the issues remaining for consideration are his claims of a <u>Brady</u> violation and the alleged insufficiency of the evidence.

The background to this prosecution is set forth in the February 7, 2011 Memorandum of the Superior Court citing to the trial court's opinion:

> [T]his case arises [from] an incident where [Appellant] sold cocaine to … undercover Pennsylvania State Trooper [Michael Zimmerman]…. The trooper had been working with a confidential informant, John Naugle [(the CI)]. [The CI] contacted [the Trooper] and informed him that [Appellant] had a fifty (50) rock to sell. The trooper testified [at trial] at length as to the details of the transaction. The trooper testified that after the informant arranged the meeting, the trooper arrived at the [CI's] house with intent to buy crack cocaine from [Appellant]. [Appellant] was at the house and met with the trooper in the kitchen. [Appellant] informed the trooper that the drugs were under the cellophane wrapper of a cigarette pack that was located on the kitchen table. The trooper took out the $50 in official funds to

---

[6] See: ECF Nos. 9, 10.
[7] See: ECF No. 11 at p.4.
[8] See: EFC No. 2 at p.6. Whitefield also appears to correctly allege that if he had to litigate the ineffective assistance of counsel claim in the state courts, by the time that issue is finally resolved his maximum sentence will have expired.
[9] 42 Pa.C.S.A. §9545(b)(1) provides: "Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final…"(listing inapplicable exceptions). In the present case, the petitioner's conviction became final on November 8, 2011 when the time in which to seek certiorari expired and he is now barred from seeking post-conviction relief.

complete the transaction and [Appellant] instructed him to put the money on the table. In a few minutes, [Appellant] picked up the money that the trooper had placed on the table and placed it into his front pocket. The trooper identified [Appellant] in court as the person with whom the drug transaction occurred.

The informant's testimony corroborated the testimony of the trooper....[10]

The first issue which the petitioner raises here is that in presenting the testimony of Naugle, the Commonwealth had failed to inform him that promises had been made to Naugle in exchange for his testimony in violation of Brady v. Maryland, 373 U.S. 83, 87 (1963)("We now hold that the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution").

> Specifically, Whitfield alleges:
>
> The Commonwealth never fully disclosed the fact that the informant, John Naugle, was charged with driving violations that subjected him to a sentence of incarceration of three (3) years and $3,000.00 in fines and said criminal charges would be dismissed in exchange for his testimony against Petitioner, the Commonwealth never disclosed the fact that the informant, Mr. Naugle, was offering "perjured" testimony in regards to promises being made in exchange for his testimony against Petitioner, the Commonwealth let said testimony go uncorrected violating due process.[11]

In reviewing this claim, the Superior Court wrote:

> [T]he trial court found that the question of whether the CI received cooperation from the Commonwealth for his own pending charges "was sufficiently revealed at trial." Trial Ct. Op., at 1. Citing the trial transcript, the court noted, "The trooper testified that [the CI] received a traffic citation for driving under suspension [and] 'was trying to more or less work with the police to get consideration on traffic tickets and … was able to assist [the police] in numerous undercover investigations.'" Id. at 1-2 (quoting N.T. Trial 11/7/06 at 26). The court further noted that the CI himself testified as to his motivation for assisting the police:"[The CI] stated that at the time of trial he was incarcerated by the magistrate for traffic citations for driving under suspension… and [this] is the reason he decided to work for the trooper." Trial Ct. Op., at 2 (citing N.T., at 35-36). Furthermore, the CI "stated that no specific promises had been made to him." Id.[12]

---

[10] See: Superior Court Memorandum, ECF 17-3 at p.2.
[11] See: ECF No.3 at p.6.
[12] The last testimony's pagination discussed by the Superior Court (ECF 17-3) is obviously in error, as further discussed, and should read pp.45-46.

4

These factual findings are presumed correct. 28 U.S.C. §2254(e)(1); Roland v. Vaughn, 445 F.3d 671 (3d Cir. 2006).

We too have reviewed the trial transcript and have determined that the trooper clearly testified that Naugle was working with the police "to get consideration on traffic tickets…" (N.T. 11/7/06 at p.26). Naugle testified that no promises had been made to him in exchange for his testimony (N.T. 11/7/06 pp.45-46). It would appear from the record that in exchange for his testimony Naugle hoped for some consideration in his pending criminal charges; this fact was made know to the jury and as a result a Brady violation did not occur. For this reason, this allegation does not present a basis for relief.

Whitfield's final claim is that the evidence was insufficient to sustain his conviction. Whitfield was convicted of possession with intent to deliver a controlled substance in violation of 35 P.S. § 780-113(a)(30) which prohibits "except as authorized by this act, the manufacture, delivery, or possession with intent to manufacture or deliver, a controlled substance by a person…" The evidence presented at trial, as recited above demonstrates that on January 25, 2006, Trooper Zimmerman, with the assistance of Naugle went to the residence where petitioner was residing, paid him $50 and in exchange received a cigarette pack from the petitioner which contained crack cocaine (N.T. 11/7/06 p.15-16) and this testimony was corroborated by the informant (N.T. 11/7/06 p.37, 46). The petitioner denied any such transaction (N.T. 11/7/06 pp.53, 55, 58), thus creating an issue of credibility for resolution by the jury. Cavazos v. Smith, 565 U.S. 1 (2011).

Where a challenge is made to the sufficiency of the evidence, the issue is whether any rational fact finder could determine guilt beyond a reasonable doubt. Coleman v. Johnson, 132 S.Ct. 2060 (2012). Here, there was more than ample evidence upon which a jury could conclude that the petitioner had committed the charged offense, and this claim likewise does not provide a basis for relief here.

Accordingly, because the petitioner's conviction was not secured in a manner contrary to federal law as determined by the United States Supreme Court, nor involved an unreasonable application of that law, it is recommended that the petition of Arthur L. Whitfield, III for a writ of habeas corpus be dismissed, and because reasonable jurists could not conclude that a basis for appeal exists, that a certificate of appealability be denied.

Litigants who seek to challenge this Report and Recommendation must seek review by the district judge by filing objections within fourteen (14) days of this date and mailing them to United States District Court, 700 Grant Street, Pittsburgh PA 15219-1957. Failure to file timely objections will waive the right to appeal.

Respectfully submitted,
s/ Robert C. Mitchell

Filed: December 4, 2012

United States Magistrate Judge